UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN

**LELAND FOSTER**,

    Plaintiff,

v.

**COMSTOCK HOSPITALITY GROUP, LLC**, A Michigan limited liability company.

    Defendant.

Case No. 1:25-cv-37

Judge:

## COMPLAINT FOR EQUITABLE RELIEF AND DAMAGES

Plaintiff, Leland Foster, individually, by and through the undersigned counsel, Owen B. Dunn, Jr., hereby files this Complaint against Defendant Comstock Hospitality Group, LLC, a Michigan limited liability company for injunctive relief, attorneys' fees, litigation expenses, and costs pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12181 *et seq.* ("ADA"), alleging as follows:

### JURISDICTION AND VENUE

1. This action is brought by the Plaintiff, Leland Foster, individually, and on behalf of individuals similarly situated, pursuant to the enforcement provision of the American with Disabilities Act of 1990 (the "ADA"), 42 U.S.C. § 12188(a), against the Defendant as delineated herein.

2. The Court has jurisdiction pursuant to the following statutes: 28 U.S.C. § 1331, which governs actions that arise from the Defendant's violations of Title III of the ADA, 42 U.S.C. § 12181, *et seq.*; 28 U.S.C. § 1331, which gives the District Courts original jurisdiction over civil actions arising under the Constitution, laws, or treaties of the United

1

States; 28 U.S.C. § 1343(3) and (4), which gives District Courts jurisdiction over actions to secure civil rights extended by the United States government, and 28 U.S.C. § 1367, as Count II utilizes the same core of operative facts as Count I, and is therefore subject to supplemental jurisdiction.

3. Venue is proper in the Western District of Michigan as venue lies in the judicial district of the property *situs*. The Defendant's property and operations complained of by Plaintiff are located in this judicial district, where the business of public accommodation is conducted, including the acts complained of herein.

## PARTIES

4. Plaintiff, LELAND FOSTER ("Plaintiff") is an Ohio resident, is *sui juris*, and qualifies as an individual with disability as defined by the ADA, 42 U.S.C. § 12102(2), 28 C.F.R. 36.104.

5. Defendant Comstock Hospitality Group, LLC operates and owns a Comfort Suites Grand Rapids North located at 350 Dodge NE, Comstock Park, MI 49321 in Kent County. Plaintiff has patronized Defendant's hotel and business previously as a place of public accommodation.

6. Upon information and belief, the hotel owned and operated by the Defendant was originally built by the Defendant (or its predecessor in interest) commencing in 2005 and is non-compliant with the remedial provisions of the ADA for newly designed and constructed or altered facilities. Full compliance with the implementing regulations of the ADA is required for this hotel unless it would be structurally impracticable in which case compliance is required to the extent that it is not structurally impracticable.

7. Upon information and belief, the facilities owned and operated by Comstock Hospitality

Group, LLC are non-compliant with the remedial provisions of the ADA. As Defendant owns, leases, leases to, or operates a place of public accommodation as defined by the ADA and the regulations implementing the ADA, 28 CFR 36.201(a) and 36.104, Defendant is responsible for complying with the obligations of the ADA. Defendant's facilities as a hotel and place of public accommodation fails to comply with the ADA and its regulations, as also described further herein.

8. The discriminatory violations described in Paragraph 17 by Defendant Comstock Hospitality Group, LLC are not an exclusive list of the Defendant's ADA violations. Plaintiff requires further inspection of the Defendant's place of public accommodation in order to determine, photograph and measure all of the discriminatory acts violating the ADA and areas of non-compliance with the Americans with Disabilities Act creating barriers to access for people with disabilities. The plaintiff has been denied access to Defendant's accommodations; benefit of services; activities; and has otherwise been discriminated against and damaged by the Defendant, as set forth above. The individual Plaintiff, and all others similarly situated will continue to suffer such discrimination, injury and damage without the immediate relief provided by the ADA as requested herein.

9. Pursuant to 42 U.S.C. §12188, Plaintiff requests that the Court issue an injunction requiring Defendant to make all alterations, or at minimum such readily achievable alterations as are legally required to provide full and equal enjoyment of the goods, services, facilities, privileges, and advantages on its property to disabled persons. In connection with that relief, Plaintiff requests reasonable attorney's fees and costs of maintaining this action.

10. Plaintiff is an individual diagnosed with cerebral palsy and permanently uses a wheelchair for mobility. Plaintiff has difficulty grasping with his hands also as a result of his disability.

As such, he is substantially limited in performing one or more major life activities, including but not limited to, standing and walking, as defined by the ADA and its regulations thereto. Plaintiff has been an overnight hotel guest at the property that forms the basis of this lawsuit, most recently on or about June 3-4, 2023, and he plans to return to the property to avail himself of the goods and services offered to the public at the property.

11. Plaintiff is an avid adaptive sports enthusiast and participates regularly with the active local adaptive sports community in western Michigan. Leland Foster travels to the area to participate in adaptive sporting events, has friends in the area whom he socializes with regularly, and frequents many establishments in the Kent County region and has been a an overnight guest at the property that forms the basis of this lawsuit.

12. During the Plaintiff's stay, and most recently on the night of June 21-22, 2023, Plaintiff encountered architectural barriers at the subject property that violate the ADA and its regulations. The barriers to access at the property have endangered Plaintiff's safety.

13. Completely independent of the personal desire to have access to this place of public accommodation free of illegal barriers to access, Plaintiff also acts as a "tester" for the purpose of discovering, encountering, and engaging discrimination against the disabled in public accommodations. When acting as a "tester," Plaintiff employs a routine practice. Plaintiff personally visits the public accommodation; engages all of the barriers to access, or at least all of those that Plaintiff is able to access; and tests all of those barriers to access to determine whether and the extent to which they are illegal barriers to access; proceeds with legal action to enjoin such discrimination; and subsequently returns to the premises to verify its compliance or non-compliance with the ADA and to otherwise use the public

accommodation as members of the able-bodied community are able to do. Independent of other visits, Plaintiff also intends to visit the premises annually to verify its compliance or non-compliance with the ADA, and its maintenance of the accessible features of the premises. In this instance, Plaintiff, in Plaintiff's individual capacity and as a "tester," visited the Facility, encountered barriers to access at the Facility, and engaged and tested those barriers, suffered legal harm and legal injury, and will continue to suffer such harm and injury as a result of the illegal barriers to access and the ADA violations set forth herein.

14. Plaintiff has a realistic, credible, existing and continuing threat of discrimination from the Defendant's non-compliance with the ADA with respect to this property as described but not necessarily limited to the allegations contained in this complaint. Plaintiff has reasonable grounds to believe that he will continue to be subjected to discrimination in violation of the ADA by the Defendant. Plaintiff desires to visit the Defendant's place of business again on future occasions, not only to avail himself of the goods and services available at the property but to assure himself that this property is in compliance with the ADA so that he and others similarly situated will have full and equal enjoyment of the hotel and its amenities without fear of discrimination.

15. The Defendant has discriminated against the individual Plaintiff by denying him access to the full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of the buildings, as prohibited by 42 U.S.C. § 12182 *et seq*.

16. The Defendant has discriminated and is continuing to discriminate, against the Plaintiff in violation of the ADA by failing to, *inter alia*, have accessible facilities by January 26, 1992 (or January 26, 1993, if Defendant has 10 or fewer employees and gross receipts of

5

$500,000 or less).

17. A preliminary inspection of Comfort Suites Grand Rapids North, including its facilities, has shown that many violations of the ADA exist. These violations include, but are not limited to:

Access to Goods and Services

A. There are items and amenities in the breakfast area whose operable parts exceed allowable reach range, in violation of the ADA and Section 308.2.1 of the 2010 Standards, whose remedy is strictly required or, at minimum, readily achievable.

B. There is not at least 36 inches of maneuvering clearance between fitness equipment, in violation of the ADA and Section 403.5.1 of the 2010 Standards and Section 4.3.3 of the 1991 Standards, whose remedy is strictly required or, at minimum, is readily achievable.

C. There are items in the guest self-serve convenience area that are located above allowable reach range, in violation of the ADA and Section 308.2.1 of the 2010 Standards, whose remedy is strictly required or, at minimum, readily achievable.

D. There is no accessible means of entry to the spa in the swimming pool area, in violation of the ADA and Section 242.4 of the 2010 Standards, whose remedy is strictly required or, at minimum, is readily achievable.

Parking and Accessible Routes

E. The passenger loading zone lacks a marked access aisle, in violation of the ADA and Section 503 of the 2010 Standards, whose remedy is strictly required or, at minimum, readily achievable.

F. Some designated parking access aisles do not lead to an accessible route due to the presence of curbs, in violation of the ADA and section 502.3 of the 2010 Standards and 1991 ADAAG section 4.6.3, whose remedy is strictly required or, at minimum, readily achievable

Public Restrooms

G. Men's restroom lavatory pipes are not adequately insulated to protect against scalding or contact, in violation of the ADA and Section 606.5 of the 2010 Standard and 4.19.4 of the 1991 Standards, whose remedy is strictly required or, at minimum, readily

achievable.

H.  Upon information and belief, the women's restroom contains equivalent barriers to accessibility, in violation of the ADA whose remedy is strictly required or, at minimum, readily achievable.  A survey of the restroom is necessary.

Guest Rooms Generally

I.  Upon information and belief, there is not the required number of designated accessible guestrooms with mobility features, whereas for a hotel with 86 total guest rooms, four mobility accessible rooms without roll-in showers are required and one with a roll-in shower is required, totaling five (5) guest rooms with mobility features, in violation of the ADA whose remedy is strictly required or at minimum is readily achievable.

J.  The hotel's designated accessible guestrooms are not disbursed among the various classes of guestrooms, whereas the property offers guest rooms with one King bed, two Queen Beds, Two Queen Bed and sofa bed, 1 King Bed 1 room Suite with 2 person whirlpool, 1 King Bed and Sofa bed with Kitchen, 1 King Bed with 2 Single Beds bunkbeds.  These rooms offer varying square footage and amenities available only to able bodied guests such as bunk beds, kitchens and whirlpools. These are offered in differing rate categories.  However, guests who require accessible accommodations are restricted to a standard room and therefore fewer room classes and guestroom amenities, whereas able-bodied patrons and guests have access to reserve and stay at the full range of room classes. This is in violation of the ADA and its remedy is strictly required or at minimum is readily achievable.

K.  Upon information and belief, Leland Foster believes substantially similar barriers to handicap access for the mobility impaired exist in all guestrooms that are designated as mobility accessible guestrooms throughout the hotel, including the other roll-in shower and bathtub fitted mobility accessible guestrooms (not just room #212) the removal of which is strictly required and or is at minimum readily achievable.

Designated Mobility Accessible Guestroom #212

L.  Emergency evacuation instructions on the guestroom door are mounted in excess of allowable height, in violation of the ADA and section 703.5.5 of the 2010 Standards and 1991 ADAAG section 4.30.6 whose remedy is strictly required or, at minimum, readily achievable.

M.  Locking hardware for the adjoining room door requires tight grasping or twisting to operate, in violation of the ADA and section 309.4 of the 2010 Standards and 1991 ADAAG section 4.27.4, whose remedy is strictly required or, at minimum, readily achievable.

N.  The robe hook on the bathroom door and towel shelf are located above allowable reach range, in violation of the ADA and Section 308.2.1 of the 2010 Standards and 1991

7

    ADAAG Section 4.2.5, whose remedy is strictly required or, at minimum, readily achievable.

O. In the mobility accessible guest room #212 bathroom, in the roll-in shower stall where a fix seat is provided, it is out of compliance. Whereas in standard roll-in type shower compartments, the controls, faucets, and shower spray unit must be installed on the back wall adjacent to the seat wall and located 27 inches maximum from the seat wall, and this shower is not. In violation of section 608.5.2 of the 2010 Standards and section 4.21.3 and figure 57 of the 1991 ADAAG, whose remedy is strictly required or is at minimum readily achievable.

P. Grab bars inside the roll-in shower compartment are non-compliant, in violation of the ADA and section 608.3 of the 2010 Standards and 1991 ADAAG section 4.21.4, whose remedy is strictly required or, at minimum, readily achievable.

Q. The shower sprayer is located above allowable reach range, in violation of the ADA and Section 308.2.1 of the 2010 Standards and 1991 ADAAG Section 4.2.5, whose remedy is strictly required or, at minimum, readily achievable.

R. Grab bars around the water closet are not mounted as required, in violation of the ADA and section 604.5 of the 2010 Standards and 1991 ADAAG section 4.16.4, whose remedy is strictly required or, at minimum, readily achievable.

S. The curtain adjusters are located above allowable reach range and require tight grasping or twisting to operate, in violation of the ADA and sections 308.2.1 and 309.4 of the 2010 Standards and 1991 ADAAG sections 4.25.3 and 4.27.4, whose remedy is strictly required or, at minimum, readily achievable.

T. There are amenities, including the hairdryer, located above allowable reach range, in violation of the ADA and Section 308.2.1 of the 2010 Standards and 1991 ADAAG Section 4.2.5, whose remedy is strictly required or, at minimum, readily achievable.

Policies and Procedures

U. The Defendant lacks or has inadequate defined policies and procedures for the assistance of disabled patrons, including a policy of maintenance of its accessible features, in violation of the ADA, whose remedy is strictly required or at minimum is readily achievable.

V. The Defendant's inadequate procedures for the benefit of its patrons with disability extend to its failure to conduct a self-survey of its facilities and amenities that has resulted in discriminatory conduct toward Leland Foster.

18.    The discriminatory violations described in Paragraph 17 by Defendant are not an exclusive

    list of the Defendant's ADA violations. Plaintiff requires further inspection of the

Defendant's place of public accommodation and facilities in order to determine, document, photograph and measure all of the discriminatory acts violating the ADA and all of the barriers to access.  The Plaintiff has been denied access to Defendant's accommodations; benefit of services; activities; and has otherwise been discriminated against and damaged by the Defendant, as set forth above.  The individual Plaintiff, and all others similarly situated will continue to suffer such discrimination, injury and damage without the immediate relief provided by the ADA as requested herein.

## COUNT I
## VIOLATION OF THE AMERICANS WITH DISABILITES ACT

19. Plaintiff restates the allegations of ¶¶1-18 as if fully rewritten here.

20. The hotel at issue, as owned and operated by Comstock Hospitality Group, LLC, constitutes a public accommodation and service establishment, and as such, must be, but is not, in compliance with the Americans with Disabilities Act ("ADA") or Americans with Disabilities Act Accessibility Guidelines ("ADAAG").

21. Plaintiff was unlawfully denied full and equal enjoyment of the goods, services, facilities, privileges, and advantages of the property on the basis of disability due to Defendant's failure to comply with Title III of the Americans with Disabilities Act and its accompanying regulations, as prohibited by 42 U.S.C. § 12182, *et seq.* Defendant will continue to discriminate against Plaintiff and others with disabilities unless and until Defendant is compelled to remove all physical barriers that exist at the facility, including those specifically set forth herein, and make the facility accessible to and usable by persons with disabilities, including Plaintiff.

22. The Plaintiff, and others similarly-situated, is presently without adequate remedy at law and is damaged by irreparable harm.  Plaintiff reasonably anticipates that he will continue

to suffer irreparable harm unless and until Defendant is required to remove the physical barriers, dangerous conditions, and ADA violations that exist at the Facility, including those set forth herein.

23. Pursuant to 42 U.S.C. §12188, Plaintiff requests that the Court issue an injunction requiring Defendant to make all alterations as are legally required, or at minimum such readily achievable alterations as are legally required to provide full and equal enjoyment of the goods, services, facilities, privileges, and advantages on its property to disabled persons. In connection with that relief, Plaintiff requests reasonable attorney's fees and costs of maintaining this action.

## COUNT II
## VIOLATION OF MICHIGAN PERSONS WITH DISABILITIES CIVIL RIGHTS ACT
## M.C.L. § 37.1301 *et seq*.

24. Plaintiff restates the allegations of ¶¶1-23 as if fully rewritten here.

25. Comstock Hospitality Group, LLC operate a "place[s] of public accommodation" pursuant to M.C.L §37.1301(a).

26. Defendant committed unlawful acts pursuant to M.C.L §37.1302(a) by denying Plaintiff the full enjoyment of its goods, services, accommodations, advantages, facilities, or privileges. Whereas, the Defendant's property has been constructed and maintained without regard to the ability of patrons with mobility impairment, such as Mr. Foster specifically, to use their hotel facilities, including the transient lodging guestroom bathroom and bathing facilities, without great difficulty and limitations.

27. Pursuant to M.C.L §37.1606, Plaintiff is entitled to compensatory and exemplary damages, and attorneys' fees and costs, in an amount to be determined at trial, but in any event not less than $25,000.00, as well as issuance of an injunction requiring Defendant to allow full

and equal enjoyment of its goods, services, facilities, privileges, and advantages to disabled persons.

**WHEREFORE**, Plaintiff demands,

For **COUNT I**, an injunction requiring Defendants to come into full compliance with the implementing regulations of the ADA as is required for this property unless it would be structurally impracticable or at minimum to make such readily achievable alterations and institute policies and procedures to allow full and equal enjoyment of the goods, services, facilities, privileges, and advantages to disabled persons, and the reasonable attorney's fees and costs of maintaining this action; and,

For **COUNT II**, compensatory and exemplary damages, attorneys' fees and costs, in an amount to be determined at trial, but in any event not less than $25,000.00, as well as issuance of an injunction requiring Defendant to allow full and equal enjoyment of the goods, services, facilities, privileges, and advantages to disabled persons.

Respectfully Submitted,

*Counsel for Plaintiff:*

/s/ Owen B Dunn Jr.
Owen B. Dunn, Jr., Esq. (p66315)
Law Offices of Owen Dunn, Jr.
The Offices of Unit C
6800 W. Central Ave., Suite C-1
Toledo, OH 43617
(419) 241-9661 – Phone
(419) 241-9737 – Facsimile
Monroe, MI (734) 240-0848
obdjr@owendunnlaw.com